# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| DELOITTE COUNSULTING LLP et al.<br>*Plaintiff*<br>v.<br>SAGITEC SOLUTIONS, LLC<br>*Defendant* | )<br>)<br>) Civil Action No. 23-325-WCB<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: MADEL PA
6685 131st St W #201, Appley Valley MN 55124

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Attn: Andrew E. Russell, Shaw Keller LLP<br>c/o Lexitas, 222 South Ninth St., Suite 450<br>Minneapolis MN 55402 | Date and Time:<br>10/15/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/04/2024

*CLERK OF COURT*

                                                        OR            /s/ Andrew E. Russell

_____                              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Deloitte Consulting LLP and Deloitte Development LLC , who issues or requests this subpoena, are:

Andrew E. Russell, Shaw Keller, 1105 N Market St, Wilmington DE 19801, 302-298-0704, arussell@shawkeller.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CASE 0:24-mc-00050   Doc. 7-1   Filed 10/16/24   Page 3 of 17

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-325-WCB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

CASE 0:24-mc-00050   Doc. 7-1   Filed 10/16/24   Page 4 of 17

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. These Requests incorporate the following Definitions, which shall apply throughout these Definitions, Instructions, and Requests wherever a defined term is used, without regard to its capitalization:

1. "And" and "or" shall each be construed conjunctively and disjunctively, so as to give the broadest meaning possible.

2. "Any" and "all" are interchangeable and shall each be construed to mean "each and every," so as to give the broadest meaning possible.

3. "Client" or "Customer" means any past, present, or prospective customer to whom software or a solution has been marketed, offered, licensed, delivered, or sold, including without limitation any State government, government agency, or regional or multi-State consortium of such States or agencies.

4. "Communication" means any exchange of information by any method of transmission, sending, or receipt of information of any kind by or through any means including without limitation speech, writings, Documents, language (machine, foreign, or otherwise) of any kind, computer electronics or electronic data, email, text message, instant message, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind, and includes all Documents and ESI containing, summarizing, or memorializing any Communication.

5. "Complaint" means the Complaint filed by Deloitte in this Litigation on March 23, 2023, and any amendments thereto.

6. "Computer Forensic Services" and "CFS" refer to Computer Forensic Services located at 800 Hennepin Avenue, Fifth Floor, Minneapolis, MN 55403, and any former or current parents, subsidiaries, predecessors, predecessors-in-interest, successors, affiliated Entities, controlled Entities, companies in which CFS owns stock or otherwise maintains an ownership interest, joint ventures, related Entities, agents, attorneys, Employees, interns, representatives, assigns, directors, or officers and all other Persons acting or purporting to act on their behalf.

7. "Concerning," "concerns," "referring to," "regarding," "related to" and "relating to" mean discussing, describing, evidencing, constituting, reflecting, incorporating, effecting, including, pertaining to, relating to, or in any way connected with the subject matter of the Interrogatory and should be construed in the broadest possible sense.

8. "Criminal Proceeding" means the case captioned *United States v. Minkkinen*, No. 2:22-cr-163, filed August 23, 2022, in the Southern District of West Virginia, and any related criminal proceedings, appeals, or investigations.

9. "Deloitte" or "Plaintiffs" refers to Deloitte Consulting LLP and Deloitte Development LLC and any of their former or current parents, subsidiaries, predecessors, successors, affiliated Entities, controlled Entities, joint ventures, related Entities, agents, attorneys, Employees, interns, representatives, assigns, directors, or officers, including without limitation BearingPoint, Inc.

10. "Deloitte Agreement" means any agreement between Deloitte, on the one hand, and any Deloitte Customer or Deloitte Employee, on the other hand, including without limitation the confidentiality and intellectual property ownership agreements described in the Complaint.

11. "Deloitte Employee" means any Employee of Deloitte's, including without limitation Deepak Ahuja, Rick Deshler, Julie Fett, Venkat Kakula, Harish Kumar Kanchanapally,

Ranjith Kotcherlakota, Srinivas Kurra, Swamynathan Manikandan, Marcel Mascarenhas, David Minkkinen, Sindhu Nair, Bernt Peterson, Revathy Rajaraman, Praveen Rengaraj, Karthik Sadasivam, Sivaraman Sambasivam, Pankaj Sharma, Kathryn Sibbet, Patrik Svensson, Philip Tackett, Adam Taylor, Prabhu Tegur, Bala Venkat, and Regina Waldrep.

12. "Deloitte Property" means any copyrighted works or trade secrets asserted in this Litigation, including without limitation the uFACTS Computer Program, the uFACTS Trade Secrets, and Documents that relate to or refer to uFACTS or bear indications that Deloitte authored, contributed to, created, developed, or possessed the Document prior to Sagitec's possession of it.

13. "Document" and "Thing" shall each be given the fullest meaning under the Federal Rules of Civil Procedure. Documents include all material of every kind, source, and authorship in Your possession or known by You to exist, irrespective of whether the Document is one intended for or transmitted internally by You, or intended for or transmitted to any other Person. Documents include ESI, writings, publications, printed matter, drawings, graphical materials, graphs, charts, photographs, audiovisual or sound recordings, images, and other data or data compilations that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible Things. The term also includes all appendices, schedules, exhibits, and other attachments, as well as related and relevant metadata for all ESI, including without limitation information about the Document's author, creation date, revision dates, tracked changes, and electronic comments. A draft or non-identical copy of a Document is a separate Document within the meaning of this term. Any Document with any part thereof bearing any annotations, comments, markings, notations, notes, "redlines," signatures or initials, stamps, or any textual or graphical information (whether handwritten, printed, or electronic) that is not part of the original electronic or physical

copy is non-identical and therefore should be considered a separate Document. A Document is in Your possession, custody, or control if You have either actual physical possession of a Document or constructive possession of the Document. For the avoidance of doubt, the following are Documents: abstracts, advertisements, agreements, appointments, audits, booklets, books, brochures, calendars, calendar entries, charts, Communications (including without limitation those made via real-time collaboration tools, *e.g.*, Skype, Slack, Teams, and other chat or instant messaging platforms), correspondence, contracts, data, database contents, database schemas, diagrams, diaries, document management systems (*e.g.*, Confluence, Google Docs, Google Drive, or SharePoint), drawings, emails, email attachments, expense reports, files, films, graphics, graphs, Internet or Intranet media or postings (*e.g.*, forum posts, comments, and wiki entries), invoices, journals, ledgers, logs (*e.g.*, access, call, change, error, event, server, telephone, and system logs), maps, meeting invitations and responses, memoranda, minutes, mockups, newspapers, notes, organizational charts, photographs, posters, presentations, printouts, project management artifacts (*e.g.*, Project or Visio files, Gantt charts, and Jira entries), recordings (including without limitation recorded meetings or presentations conducted via platforms such as Zoom or Blue Jeans), receipts, recitals, records, reports, research, resumes, schedules, server contents (*e.g.*, FTP, HTTP, NFS, SMB, or WebDAV); Source Code, spreadsheets, statements, storyboards, summaries (including without limitation those of conversations, data, interviews, negotiations, and financial or statistical information), tasks, text messages or their equivalent (*e.g.*, SMS, WhatsApp, and iMessage), time entries, to-do lists, voicemails, websites, whiteboards, working papers, and worksheets. An excerpt or portion of any of the foregoing is a separate Document.

14. "Employee" means any Person who acted or purported to act on behalf of another Person, including without limitation all past and present directors, officers, executives, principals,

partners, agents, representatives, attorneys, accountants, independent contractors, advisors, and consultants of such other Person or Persons.

15. "Entity" means any business, proprietorship, firm, corporation, company, partnership, group, association, trade or industry association, non-profit, or governmental body or agency.

16. "Functionality" or "Functioning" means the technological and business processes that maintain, power, or otherwise enable a computer program or web-based service, including without limitation all underlying software, Source Code, databases, servers, and other technology.

17. "Include" and "including" shall be construed to mean include or including "but not limited to" or "without limitation," such that any list preceded by "include" or "including" should be read as a list of non-limiting examples within a broader category.

18. "Internal Investigation" means Sagitec's investigation with respect to the subject matter of the Criminal Proceeding, as reflected in the report filed as Docket No. 146-6 in the Criminal Proceeding and any prior drafts or subsequent revisions thereto.

19. "Madel PA," "You," and "Your" refer to Madel PA and any of their former or current parents, subsidiaries, predecessors, successors, affiliated Entities, controlled Entities, joint ventures, related Entities, agents, attorneys, Employees, interns, representatives, assigns, directors, or officers, and all other Persons acting or purporting to act on their behalf including without limitation Chris Madel and Jennifer Robbins.

20. "Neosurance" means all versions of any software, including without limitation web-based and software-as-a-service solutions, that Sagitec has developed, tested, implemented, marketed, offered, licensed, delivered, or sold under the "Neosurance" name or that include or relate to Unemployment Insurance ("UI") tax, benefits, or appeals administration Functionality,

including without limitation components or modules thereof, as embodied in client-facing applications, Source Code, design documentation, use cases, database schemas, requirements specifications, change orders, interface documentation, application programming interfaces, development frameworks, developer guides, business rules, algorithms, architectures, demos, mockups, user flows, product documentation, manuals, data sheets, and user guides.  For the avoidance of doubt, Neosurance means any software Sagitec offers or offered that includes UI or related Functionality, including without limitation Pandemic Unemployment Assistance ("PUA"), whether or not the software comprises a complete UI solution and whether the software is called "Neosurance" or any other name.

21.     "Person" means any natural person or Entity.

22.     "Sagitec" and "Defendant" refer to Defendant Sagitec Solutions LLC, and any former or current parents, subsidiaries, predecessors, predecessors-in-interest, successors, affiliated Entities, controlled Entities, companies in which Sagitec owns stock or otherwise maintains an ownership interest, joint ventures, related Entities, agents, attorneys, Employees, interns, representatives, assigns, directors, or officers and all other Persons acting or purporting to act on their behalf, including without limitation any Deloitte Employee who also was an employee of Sagitec.

23.     "Source Code" means the human-readable programming language text that defines software, firmware, or electronic hardware description, including without limitation files containing code in any programming or scripting language, such as C, C++, C#, Java, JavaScript, Perl, PHP, Python, or Ruby; any markup or presentation language, such as HTML, XML, or CSS; and any database language or commands, such as SQL.  Source Code also includes without limitation configuration files, include files, header files, make files, link files, log files, settings

files, generated output files, and other human-readable text files used in the generation and/or building of software and/or hardware.

24. "State" means any administrative division of the United States, including without limitation the 50 states, the District of Columbia, and inhabited territories.

25. "Superseding Indictment" means the indictment filed in the Criminal Proceeding on May 31, 2023, as Docket No. 186.

26. "This Case" or "This Litigation" refers to the above-captioned proceeding.

27. "uFACTS Computer Program" means Deloitte's uFACTS software, including without limitation the versions registered with the U.S. Copyright Office as Registration Nos. TX 8-559-593, TX 8-559-594, and TX 8-559-595.

28. "uFACTS Trade Secrets" means the uFACTS application software, design assets, and development framework described in the Complaint.

29. The singular includes the plural and vice versa.

30. The past tense includes the present tense and vice versa.

31. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

## **GENERAL INSTRUCTIONS**

1. These Requests are intended to cover all Documents in Your possession, custody or control, whether located at Your home or office, on a computer, server, cloud storage platform, or mobile device, or at any other place. The production should include every Document known to You and every such Document that can be located or discovered by reasonably diligent efforts by You. If any of the requested Documents cannot be disclosed or produced in full, produce the Documents to the extent possible, and state Your reasons for Your inability to produce the

remainder, stating whatever information, knowledge, or belief You have concerning the unproduced portions.

2. If any Document was, but is no longer, in Your possession, subject to Your control, or in existence, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (iv) has been disposed of in some other manner. If You have reason to believe a responsive Document is in the possession of another Person, state (i) the basis for this belief; (ii) the Person believed to be in possession of the responsive Document; (iii) where You believe the responsive Document may be located; and (iv) other information as is sufficient to identify the Document for a subpoena *duces tecum*.

3. If a Document that is responsive to a Request has been lost or destroyed, it should be identified as follows: (i) preparer; (ii) addressor (if different); (iii) addressee; (iv) each recipient and each Person to whom distributed or shown; (v) date prepared; (vi) date transmitted (if different); (vii) date received; (viii) description of contents and subject matter; (ix) date of destruction; (x) manner of destruction; (xi) name, title, and address of the Person who directed that the Document be destroyed and (if different) the Person who destroyed the Document; (xii) the reason for the Document's destruction; (xiii) the names of Persons having knowledge of the destruction; and (xiv) a full description of the efforts made to locate the Document.

4. If any of the Documents requested below are claimed to be privileged or are otherwise withheld, You are requested to provide a privilege log which identifies: (i) the date of the Document; (ii) the identity of all Persons who sent, authored, signed or otherwise prepared the Document; (iii) the identity of all Persons designated as addressee or copyees; (iv) a description of the contents of the Document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the Document and the basis of the claim or privilege

or immunity; (v) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, or work product doctrine); and (vi) for redacted Documents only, the Bates numbers corresponding to the first and last page of any Document redacted. To the extent e-mail is included and described on the privilege log, any e-mail chain (*i.e.*, a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (*i.e.*, top-most) e-mail. You shall not be required to break up an e-mail chain and log each individual e-mail separately. If, however, e-mail contained within a given chain exists separately, then You shall log that material in accordance with this Paragraph. If an e-mail chain contains one or more privileged e-mails requiring redaction, the e-mail chain may be logged as a single entry and identified by the most recent redacted e-mail.

5. All Documents or other Things responsive to a Request shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the Request to which they are responsive.

6. Any Document responsive to a Request should be produced in and with a file folder and other Document (*e.g.*, envelope or file cabinet marker) in or with which the Document was located when this Request was served. All pages of any Document now stapled or fastened together should be produced stapled or fastened together.

7. All electronic Documents shall be produced in accordance with the District of Delaware's Default Standard for Discovery, Including Discovery of ESI, as modified or supplemented by any ESI Order agreed to by the parties.

8. If it is otherwise not possible to produce any Document called for by any Request, or if any part of any Request is objected to, the reasons for the objection should be stated with

specificity as to all grounds and, for the convenience of the Court and the parties, each Request should be quoted in full immediately preceding the objection.

9. These Requests shall be deemed continuing and require further and supplemental production by You as and whenever You acquire, make, or locate additional Documents between the time of the initial production and the time of final judgment in this Case.

## DOCUMENTS TO BE PRODUCED

1. All agreements between You and Sagitec.

2. All engagement and/or retainer letters by which You engaged Sagitec.

3. Documents sufficient to demonstrate the date or dates on which You were retained by Sagitec.

4. Documents sufficient to show the scope of Your representation of Sagitec.

5. All Documents and Communications relating to the Criminal Proceeding, including any prior or subsequent criminal investigation by state or federal agencies. Your response should include any Communications with Tim Keller, William Ihlenfeld, Amanda Jeffers, or representatives of the Bowles Rice LLP or T Keller PLLC law firms.

6. All Documents and Communications relating to Sagitec's Internal Investigation. Your response should include any Communications with Tim Keller, William Ihlenfeld, Amanda Jeffers, or representatives of the Bowles Rice LLP or T Keller PLLC law firms.

7. All Documents and Communications exchanged with Computer Forensic Services concerning Sagitec, Deloitte, Criminal Proceeding, Sagitec's Internal Investigation, or This Litigation.

8. All copies, versions, and drafts of Sagitec's Internal Investigation report.

9. All Documents which any Employee of Madel PA, Bowles Rice LLP, or T Keller PLLC law firms reviewed or considered in connection with Sagitec's Internal Investigation.

10. All notes taken in connection with Sagitec's Internal Investigation, including but not limited to notes taken in connection with interviews or inquiries of Sagitec Employees.

11. All Documents and Communications shared by, among, or between Madel PA, Bowles Rice LLP, or T Keller PLLC law firms on the one hand, and Sagitec on the other hand, related to Sagitec's Internal Investigation.

12. Documents sufficient to show the process by which Madel PA, Bowles Rice LLP, and/or T Keller PLLC searched for, collected, reviewed, and identified Documents responsive to this Subpoena.