IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Madel PA, | Case No. 24-mc-00050-TNL |
| Plaintiff, | |
| v. | **JOINT MOTION REGARDING CONTINUED SEALING** |
| Deloitte Consulting LLP and Deloitte Development LLC, | |
| Defendants. | |

Documents have been filed under temporary seal in connection with the following motion:

**Plaintiff's Motion to Quash Subpoena—ECF 1**

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing. MADEL PA joins in the motion for continued sealing subject to the following:

1. MADEL PA understands from Deloitte's representations that all information to be sealed has been designated as "confidential" or "confidential attorneys' eyes only" under the operative protective order in the underlying litigation pending in the U.S. District Court for the District of Delaware to which MADEL PA is not a party, or comprises non-public

1

communications regarding the underlying litigation or the investigation into Sagitec;

2. To the extent there is any disagreement with respect to designation of confidential information, redaction, or failure to redact information, MADEL PA respectfully refers the Court and/or Deloitte to Sagitec, which is a party to the underlying litigation pending in the U.S. District Court for the District of Delaware; and

3. For purposes of clarity, MADEL PA does not agree with Deloitte's characterizations of the documents' contents or import as stated by Deloitte in its opposition brief to MADEL PA's motion to quash.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 19 | 27 | Defendants' Sealed Memorandum in Opposition to Plaintiff's Motion to Quash | Deloitte believes that only the redactions shown in Exhibit A to the concurrently filed Statement Instead of Redaction should remain. | Sagitec Solutions LLC | Deloitte believes that only the redactions shown in Exhibit A should remain, because they contain information that was designated Confidential by Sagitec pursuant to the Protective Order in underlying litigation; the redacted portions discuss confidential information regarding Sagitec's business and the Sagitec investigation that is not otherwise made public. The other redactions relate to the investigation report filed at ECF 22, which is publicly available on the docket in *United States of America v. Minkkinen*, C.A. No. 2:22-cr-00163-1, D.I. 146-6 (D. W. Va. April 27, 2023). |
| 22 | | Sealed Exhibit 2 to Declaration of Andrew E. Russell | Deloitte believes that this document should be unsealed. | Sagitec Solutions LLC | Deloitte believes this document should be unsealed because it is publicly available on the docket in *United States of America v. Minkkinen*, C.A. No. 2:22-cr-00163-1, D.I. 146-6 (D. W. Va. April 27, 2023). |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 22-1 | | Sealed Exhibit 3 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | Sagitec Solutions LLC | Document designated Confidential by Sagitec pursuant to Protective Order in underlying litigation; transcript of deposition containing extended discussion of confidentiali business information that is not otherwise made public; redaction would be impracticable. |
| 22-2 | | Sealed Exhibit 5 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | | Confidential letter to Sagitec discussing scope of legal representation and investigation; contains confidential information that is not otherwise made public. |
| 22-3 | | Sealed Exhibit 6 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | Sagitec Solutions LLC | Discovery responses designated Confidential by Sagitec pursuant to Protective Order in underlying litigation; contains extensive discussion of confidential business information that is not otherwise made public; redaction would be impracticable. |
| 22-4 | | Sealed Exhibit 7 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | | Confidential correspondence between counsel regarding underlying litigation; contains confidential information that is not otherwise made public; redaction would be impracticable. |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY:<br>a) The information that the parties agree should remain sealed;<br>b) The information the parties agree should be unsealed; and<br>c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 22-5 | | Sealed Exhibit 8 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | Sagitec Solutions LLC | Confidential correspondence between counsel regarding underlying litigation; contains confidential information that is not otherwise made public, including information designated Confidential pursuant to Protective Order in underlying litigation; redaction would be impracticable. |
| 22-6 | | Sealed Exhibit 9 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | Sagitec Solutions LLC | Discovery responses designated Confidential by Sagitec pursuant to Protective Order in underlying litigation; contains extensive discussion of confidential business information that is not otherwise made public; redaction would be impracticable. |
| 22-7 | | Sealed Exhibit 10 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | | Confidential correspondence between counsel regarding Sagitec investigation; contains confidential information that is not otherwise made public; redaction would be impracticable. |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 22-8 | | Sealed Exhibit 11 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | Sagitec Solutions LLC | Confidential correspondence between counsel regarding underlying litigation; contains confidential information that is not otherwise made public, including information designated Confidential pursuant to Protective Order in underlying litigation; redaction would be impracticable. |
| 22-9 | | Sealed Exhibit 12 to Declaration of Andrew E. Russell | Parties agree that entire exhibit should be sealed. | | Confidential correspondence regarding underlying litigation; contains confidential information that is not otherwise made public; redaction would be impracticable. |
| 29 | | Sealed Exhibit 2 to Robbins Supplemental Declaration | Parties agree that entire letter should be sealed. | Sagitec Solutions LLC | Confidential correspondence between counsel regarding underlying litigation and discovery responses from underlying litigation; contains confidential information that is not otherwise made public, including information designated Confidential pursuant to Protective Order in underlying litigation; redaction would be impracticable. |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 37 | | Sealed Letter to Hon. Tony N. Leung | Parties agree that entire letter should be sealed. | Sagitec Solutions LLC | Confidential correspondence between counsel regarding underlying litigation; contains confidential information that is not otherwise made public, including information designated Confidential pursuant to Protective Order in underlying litigation; redaction would be impracticable. |

| | |
|---|---|
| Dated: November 20, 2024 | **GREENE ESPEL PLLP**<br><br> /s/ Nicholas Scheiner<br>Nicholas Scheiner (No. 0402470)<br>222 S. Ninth Street, Suite 2200<br>Minneapolis, MN 55402<br>(612) 373-0830<br>nscheiner@greeneespel.com |
| OF COUNSEL:<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700 | *Attorneys for Defendants Deloitte Consulting LLP and Deloitte Development LLC* |
| | **MADEL P.A.**<br><br>/s/ Jennifer M. Robbins<br>Christopher W. Madel (#230297)<br>Jennifer M. Robbins (#387745)<br>800 Pence Building<br>800 Hennepin Avenue<br>Minneapolis, MN 55403<br>Telephone: 612-605-0630<br>cmadel@madellaw.com<br>jrobbins@madellaw.com<br><br>*Attorneys for Plaintiff MADEL PA* |